IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERRY LEE NELSON,<br><br>    Plaintiff,<br><br>v.<br><br>SGT. JOHN KPAKIWA and<br>OFFICER UJAK,<br><br>    Defendants. | Civil Action No.:  PX-24-773 |

**MEMORANDUM OPINION**

Plaintiff Terry Lee Nelson, an inmate at Maryland Reception, Diagnostic and Classification Center ("MRDCC"), sues Sergeant John Kpakiwa and Officer Ujak for using excessive force during an inmate attack.  ECF No. 1.  Pending is Defendant Kpakiwa's Motion to Dismiss or, in the Alternative, for Summary Judgment to be granted in his favor.  ECF No. 14.  The Court previously advised Nelson of his right to respond but has received nothing from him, and the time for responding has passed.  ECF No. 15.  No hearing is necessary.  *See* L. R. 105.6 (D. Md. 2023). For the following reasons, Kpakiwa's motion, construed as one for summary judgment, will be granted.

   **I.   Background**

On February 17, 2022, two detainees stabbed Nelson at MRDCC.  ECF No. 1 at 4; ECF No. 14-4 at 2.  Kpakiwa responded to the scene and observed blood on the officer desk, floor, and wall.  Officers locked down the tier and Nelson was found in a sanitation closet.  *Id.* at 21.  Nelson had been stabbed in his head, eye, and back.  *Id.*

Kpakiwa escorted Nelson to the medical unit where Nelson "became aggressive and belligerent." ECF No. 14-4 at 2, 7. Nelson started throwing items in the exam room and "lunged forward," so Kpakiwa ordered Nelson to the ground. ECF No. 14-4 at 7. When Nelson refused to comply, Kpakiwa deployed OC spray to bring Nelson under control. *Id.* Thereafter, Nelson was transported to University of Maryland Medical Center for treatment. *Id.*; *see also* ECF No. 14-10 at 9-11. The hospital discharged Nelson after his wounds were sutured. ECF No. 14-10 at 2-4.

## II.     Standard of Review

Kpakiwa has moved to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment to be granted in their favor under Rule 56. Such motions implicate the Court's discretion under Rule 12(d). *See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court maintains "'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. CIV.A. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Kpakiwa's motion appends several records documenting the incident involving Nelson. Accordingly, Nelson was placed on proper notice that the Court could resolve the matter on summary judgment. *See* ECF No. 15. The Court, therefore, exercises its discretion to treat the

2

motion as one for summary judgment. *See, e.g., Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005).

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, the court must "view the evidence in the light most favorable to … the nonmovant, and draw all reasonable inferences in [their] favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249–50.

**III.   Discussion**

Although Kpakiwa requests relief for many reasons, ECF No. 14-2, the Court need not address them all because, when viewing the record in the light most favorably to Nelson, no rational trier of fact could conclude that Kpakiwa used excessive force. Excessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997) (en banc). To state a Fourteenth Amendment claim of excessive force as a pre-trial detainee, Nelson may prevail upon a showing that "the use

3

of force is deliberate – *i.e.*, purposeful or knowing." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015).  Although Nelson need not detail his alleged assailant's subjective state of mind, he must adduce some evidence that the officer used "force purposely or knowingly" that was objectively unreasonable.  *Id.* at 396–97; *see also Dilworth v. Adams*, 841 F.3d 246, 255 (4th Cir. 2016).  Objective reasonableness "turns on the 'facts and circumstances of each particular case.'" *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989).  This Court is obliged to "make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 vision of hindsight." *Kingsley*, 576 U.S. at 397.

In assessing whether any evidence supports an excessive force claim, the Court must consider the defendant officer's need to apply force, the relationship between that need and the amount of force applied, the extent of the injury inflicted on the inmate, the extent of the threat to the safety of staff and inmates as reasonably perceived by the officer, and any efforts to temper the severity of the response.  *Whitley v. Albers*, 475 U.S. 312, 321 (1986).  The absence of significant injury to the inmate alone is not dispositive.  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).  Rather, if the officer uses force maliciously and sadistically, liability is not avoided simply because the inmate had the good fortune to escape serious harm.  *Id.* at 38.

Here, Kpakiwa's manner of force was his use of OC spray on Nelson.  Deploying OC spray is not per se unreasonable when used "to control recalcitrant inmates." *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 626 (D. Md. 2015) (citing *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996)); *see also McCargo v. Mister*, 462 F. Supp. 813, 818 (D. Md. 1978) (finding that use of pepper spray is not per se cruel and unusual punishment).  *See also Kitchen*, 116 F. Supp. 3d at 626–27 (citing *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010) (use of pepper spray constitutionally permissible to break up an inmate fight)).  Viewing the incident most favorably to Nelson, no

rational juror could conclude that Kpakiwa's use of OC spray amounted to an unreasonable application of force. Nelson had become belligerent, was not complying with Kpakiwa's verbal commands, and started throwing items around in the medical unit. In response, Kpakiwa deployed one burst of OC spray to gain Nelson's compliance. On this, Kpakiwa's use of OC spray cannot be considered unreasonable. Accordingly, the Court grants summary judgment in Kpakiwa's favor.[2]

### IV.   Conclusion

For the reasons stated, Defendant Kpakiwa's Motion to Dismiss, or in the Alternative, for Summary Judgment is granted. The Complaint is also dismissed without prejudice as to Officer Ujak.

A separate Order follows.

| 12/20/24 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |

---

[2] As for "Officer Ujak," MRDCC confirmed that no it did not, and does not, employ anyone by that name. ECF No. 7. The Court also gave Nelson the opportunity to correctly identify officer Ujak by another name or identifying information. ECF No. 16. Nelson never responded. And the record evidence that Kpakiwa submitted with his motion does not reference any participating officer by the name, "Ujak." Accordingly, the Complaint as to Officer Ujak is dismissed without prejudice.